IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MAGADALENO MEDINA, MDOC #F29000                                      PETITIONER

VERSUS                                      CIVIL ACTION NO.  2:13-cv-211-KS-MTP

R. E. HOLT and
SUPERINTENDENT RON KING                                              RESPONDENTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.   Petitioner, Magadaleno Medina, an inmate incarcerated at the South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, files this petition for habeas relief pursuant to 28 U.S.C. § 2241.[1]  The Petitioner has named the following as respondents: R. E. Holt, Southeast Regional Director of Federal Bureau of Prisons, and Ron King, Superintendent of SMCI.  The Court finds that the proper party respondent is Petitioner's custodian, Ron King, Superintendent of SMCI. *See* 28 U.S.C. § 2243.  In the instant habeas, Petitioner is requesting that "this Court order Respondents to remove and cease unnecessary prolonged segregation of the Petitioner." Pet. [1] at 11.

<u>Background</u>

Petitioner states that he is a federal inmate who is being housed by the Mississippi Department of Corrections (MDOC) based on a contract between the Bureau of Prisons (BOP) and Mississippi Department of Corrections (MDOC).  Pet. [1] at 1.  Petitioner argues that he has exhausted his available administrative remedies. *Id*. at 9.  Petitioner presents the following grounds for habeas relief:

---

[1]As directed by the Court's order [3], Petitioner paid the filing fee on October 10, 2013.

GROUND ONE:  Petitioner is being held in prolonged segregation under the guise of "protective custody" in punitive conditions that are atypical.  The Respondent's prolonged segregation of the Petitioner is unlawful and unjustified.  Consequently, Petitioner's sentence is being executed in an unlawful manner; thus mandating judicial review under § 2241.

GROUND TWO:  Respondent's continued prolonged segregation of Petitioner constitutes a violation of federal law.  Consequently, Petitioner's sentence is being executed in an unlawful manner, thus mandating judicial intervention under § 2241.

Petitioner further states that he has been housed in "protective custody," which is more like segregation, more than two years.  *Id*. at 10.  According to Petitioner, he was transferred from BOP to MDOC so that he would not have to remain in segregation.  *Id*.  Petitioner argues that MDOC has not provided Petitioner with the "character of quarters the BOP expected."  *Id*.  Thereby, "defraud[ing] the federal government by keeping Petitioner in prolonged segregation."  *Id*.

<u>Analysis</u>

A petition for habeas relief pursuant to § 2241 will not be granted unless the petitioner is "in custody in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Moreover, "habeas is not available to review questions unrelated to the cause of detention."  *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976).   The United States Court of Appeals for the Fifth Circuit in *Pierre* stated that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."  *Id*. at 935-36.

Based on the allegations asserted by the Petitioner, this Court finds that the Petitioner is not challenging the Bureau of Prisons execution or calculation of his federal sentence and he is not alleging that he is incarcerated for a federal criminal conviction which violates the

Constitution or law or treaties of the United States.  Clearly, the Petitioner is challenging a condition of his confinement, *i.e.*, where he is housed.  The issue of Petitioner's place of incarceration presently before this Court has nothing to do with a claim of early release from his incarceration.  In fact, the Fifth Circuit has specifically held that a § 2241 habeas petition does not authorize this Court to transfer the Petitioner to a BOP correctional facility or to another facility.  *See Hernadez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990)(finding the injunctive remedy of transfer to another correctional facility "is not a proper subject for a habeas corpus petition"); *see also Antonelli v. Mukasey*, 275 F. App'x 314, 315 (5th Cir. Apr. 18, 2008)(determining that a claim concerning housing was not proper as a § 2241, and even if such a claim was proper, the petitioner has no constitutional right to be housed in a particular facility, *citing Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)).  Therefore, the claim of the instant petition is not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

To the extent a habeas petition combines claims that should be pursued under § 1983, and these claims can be separated, federal courts should do so.  *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).  Petitioner's claims based on his custody classification and housing are properly pursued as 42 U.S.C. § 1983 conditions of confinement claims.  The Court, however, will not construe the petition as a civil action pursuant to 42 U.S.C. § 1983 because, as discussed below, these claims now before this Court are frivolous.[2]

Petitioner does not have a constitutionally protected property or liberty interest in his custodial classification.  *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty

---

[2]A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)(finding no constitutional deprivation in the change in security classification based on allegedly inaccurate information); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990)(holding that "[c]lassification of prisoners is a matter left to the discretion of prison officials," who must have " 'broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status' ")(citation omitted); *Burton v. Wilder*, No. 6:10cv328, 2011 WL 902003 (E.D. Tex. Mar. 14, 2011) (determining that placement in administrative segregation for three years, even with "excellent behavior," did not constitute extraordinary circumstances for a constitutional claim).  Nor does Petitioner have a constitutional right to a particular housing assignment.  *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)(relying on the decisions of *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983) and *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996), "a prisoner has no liberty interest in being housed in any particular facility").

<u>Conclusion</u>

As stated above, the Petitioner cannot proceed with this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 because he has not presented an arguable claim for habeas corpus relief.  As such, this petition [1] for habeas relief should be denied, and this case will be dismissed with prejudice.

Petitioner is warned that if he continues to file a petition for habeas relief pursuant to 28 U.S.C. § 2241 concerning conditions of confinement those claims will be construed pursuant to 42 U.S.C. § 1983 action and will be subject to the requirements of the Prison Litigation Reform

Act of 1995, including, but not limited to, the filing fee of $350.00 plus a $50.00 administrative fee and the "three-strikes" provision of 28 U.S.C. § 1915(g). [3]

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered. All remaining pending motions will be denied as moot.

SO ORDERED this the 17th day of October, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3]If Petitioner wishes to pursue a complaint pursuant to 42 U.S.C. § 1983 concerning his conditions of confinement claims, he may contact the Clerk, 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39201, and request a set of forms.